1
2
3
4
5
6           **UNITED STATES DISTRICT COURT**
7              **DISTRICT OF NEVADA**
8
  HEROUS YEGHIYAIAN,                    )
9                                        )
                  Plaintiff,             )
10                                       )        3:10-cv-00241-RCJ-VPC
         vs.                             )
11                                       )
  PULTE MORTGAGE LLC et al.,            )              **ORDER**
12                                       )
                 Defendants.             )
13  _____ )

14          This is a standard foreclosure case involving one property.  The Complaint is a MERS-

15  conspiracy type complaint listing thirteen causes of action.  The case is part of Case No. 2:09-

16  md-02119-JAT in the District of Arizona, and Judge Teilborg has remanded the first claim and

17  those parts of the third, fourth, and tenth though twelfth claims that do not involve MERS.  The

18  wrongful foreclosure claim remains with Judge Teilborg.  Two motions to dismiss (ECF Nos. 36,

19  46) are pending before the Court.  For the reasons given herein, the Court grants the motions.

20  **I.    THE PROPERTY**

21          Herous Yeghiyaian gave lender Pulte Mortgage LLC, d/b/a Del Webb Home Finance

22  ("Pulte") a $244,091 promissory note to purchase property at 1750 Trailcreek Way, Reno, NV

23  89523 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, June 13, 2005, ECF No. 36-1, at 2).

24  The trustee was First American Title of Northern Nevada ("First American"). (*Id.* 2).  Plaintiff

25  gave the same lender and trustee a second mortgage for $30,511. (*See* Second DOT 1–2, June

1   13, 2005, ECF No. 36-1, at 26).  Plaintiff had defaulted in an unknown amount on the first

2   mortgage as of January 1, 2009. (*See* Notice of Default ("NOD") 1–2, May 28, 2009, ECF No.

3   36-1, at 40). Executive Trustee Services, LLC ("ETS") filed the NOD. (*See id.* 2).  The

4   foreclosure may have been statutorily defective, because there is no evidence of ETS' agency on

5   behalf of the beneficiary or trustee apart from its own statement on the NOD, *see* Nev. Rev. Stat.

6   § 107.080(2)(c), but the wrongful foreclosure claim remains with Judge Teilborg.  ETS noticed a

7   trustee's sale for Sept. 23, 2009 (Notice of Sale ("NOS"), Aug. 31, 2009, ECF No. 36-1, at 43).

8   **II.   ANALYSIS**

9        The remanded claims are: (1) Unfair Lending Practices Under Nevada Revised Statutes

10  ("NRS") section 598D.100; (3) Injunctive Relief; (4) Declaratory Relief (violation of section

11  598D.100(3)); (10) Civil Conspiracy; (11) Racketeering Under NRS section 207.470; and (12)

12  Unjust Enrichment.

13       First, the statute of limitations has run on the section 598D.100 claim.  Plaintiff obtained

14  the loan on June 13, 2005.  The statute of limitations under section 598D.100 is three years, *see*

15  Nev. Rev. Stat. § 11.190(3)(a), and Plaintiff brought the present case on March 22, 2010.  Also,

16  the pre-2007 statute did not apply to mortgages that qualified as residential mortgage

17  transactions under HOEPA, as here, where a security interest is retained against the property to

18  finance its acquisition or construction. *See* Nev. Rev. Stat. § 598D.040 (2005); 15 U.S.C. §

19  1602(aa)(1), (w).  The Court will dismiss this claim.  Second, the civil conspiracy claim fails

20  because Plaintiff does not allege any agreement to engage in unlawful activity.  He simply

21  concludes that a conspiracy existed between the bank, MERS, and others because these agencies

22  were all in some way involved with foreclosures generally.  The Court will dismiss this claim.

23  Third, under Nevada's RICO statute, a private party can bring a civil action for treble damages,

24  attorney's fees, and costs for injures sustained by a violation of NRS section 207.400. *See* Nev.

25  Rev. Stat. § 207.470.  Plaintiff alleges Defendants engaged in racketeering.  Plaintiff, however,

nowhere identifies which unlawful act under section 207.400 he believes Defendants to have committed.  Plaintiff simply quotes the definition of "racketeering" under section 207.390 and alleges that Defendants engaged in racketeering through predatory lending practices.  Plaintiff has not identified two predicate offenses required to constitute "racketeering." *See* § 207.390.  Such crimes include murder, manslaughter, mayhem, certain batteries, kidnapping, sexual assault, arson, robbery, extortion, seduction, forgery, burglary, grand larceny, bribery, assault with a deadly weapon, certain frauds, etc. *See* § 207.360.  Insofar as the predicate acts are intended to be frauds based on the MERS system, the claim remains with Judge Teilborg.  The Court will dismiss this claim.  Fourth, the unjust enrichment claim will be dismissed because it is undisputed that the relationship between the parties is governed by an express, written contract.  *LeasePartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997).  Finally, the claims for declaratory and injunctive relief will be dismissed insofar as they rely on any of the remanded claims.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 36, 46) are GRANTED.  Because the claims remain with Judge Teilborg, the Court makes no ruling on the wrongful foreclosure claim or the injunctive and declaratory relief claims insofar as those claims relate to the wrongful foreclosure claim. *See* Nev. Rev. Stat. § 107.080 (procedurally improper foreclosure); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2 610, 623 (Nev. 1983) (foreclosure absent default).

IT IS SO ORDERED.

Dated this 8th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge